NOT FOR PUBLICATION

FILED & ENTERED

APR 30 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>GERARDO ERNESTO GONZALEZ, JR.,<br><br>             Debtor.<br>ANGELA ARNONE,<br><br>             Plaintiff,<br><br>v.<br><br>GERARDO ERNESTO GONZALEZ, JR.,<br><br>             Defendant. | Case No.: 1:24-bk-10450-MB<br><br>Chapter 7<br><br>Adv. No.: 1:24-ap-01028-MB<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**<br><br><u>Hearing Held:</u><br>Date:  April 27, 2026<br>Time:  2:30 p.m.<br>Place:  Courtroom 303<br>        21041 Burbank Blvd.,<br>        Woodland Hills, CA 91367<br>        And via ZoomGov video and audio |

**<u>Background</u>**

On February 2, 2026, the Court issued its "Memorandum of Decision re: Cross Motions for Summary Judgment" in the above-captioned adversary proceeding.  Adv. Dkt. 76 (the "<u>Memorandum</u>"). Consistent with that Memorandum, the Court thereafter entered an order granting the Motion for Partial Summary Judgment filed by defendant Gerardo Gonzalez ("<u>Defendant</u>") [Adv. Dkt. 51], and denying the Motion for Summary Judgment filed by plaintiff Angela Arnone ("<u>Plaintiff</u>") [Adv. Dkt. 56].  Adv. Dkt. 92.  The order was followed by a judgment which provides that "the debt alleged by Plaintiff and tried in this adversary proceeding is dischargeable and was discharged pursuant to Defendant's bankruptcy discharge under 11 U.S.C. § 727."  Adv. Dkt. 91 at 2 (the "<u>Judgment</u>").

1

**Plaintiff's Motions for Reconsideration**

On February 9, 2026, Plaintiff filed the following documents with this Court (collectively, the "Motions for Reconsideration"):

    (a) "Plaintiff's Record-Supported Supplement Identifying Material Facts Overlooked or Mischaracterized" [Adv. Dkt. 79];

    (b) a "Motion to Alter or Amend Ruling Pursuant to F.R.B.P. 9023" [Adv. Dkt. 80];

    (c) a "Motion to Stay Entry of Judgment and Objection to Entry" [Adv. Dkt. 81];

    (d) a "Motion for Amended or Additional Findings (Fed. R. Bankr. P. 7052; Fed. R. Civ. P. 52(b))" [Adv. Dkt. 82]; and

    (e) "Plaintiff's Request for Judicial Notice in Support of Post-Judgment Motions" [Adv. Dkt. 83].

**The Appeal**

On March 13, 2026, Plaintiff filed a notice of appeal of the Judgment entered against her in this adversary proceeding.  Adv. Dkt. 97.  Plaintiff's appeal to the U.S. Bankruptcy Appellate Panel of the Ninth Circuit is pending under BAP case number CC-26-1066.  *See* Adv. Dkt. 117.

However, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provide:

(1) *In General*. If a party files in the bankruptcy court any of the following motions—and does so within the time allowed by these rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

    (A) to amend or make additional findings under [Bankruptcy] Rule 7052, whether or not granting the motion would alter the judgment;

    (B) to alter or amend the judgment under [Bankruptcy] Rule 9023; [or]

    (C) for a new trial under [Bankruptcy] Rule 9023….

(2) *Notice of Appeal Filed Before a Motion Is Decided*. If a party files a notice of appeal after the court announces or enters a judgment, order, or decree—but before it disposes of any motion listed in (1)—the notice becomes effective when the order disposing of the last such remaining motion is entered.

Fed. R. Bankr. P. 8002(b).

Because Plaintiff filed her notice of appeal before the Court disposed of the Postjudgment Motions, the notice of appeal does not become effective until after the Court issues an order disposing of the Motions for Reconsideration.  *See id*.  This order denies the Postjudgment Motions on the merits.

**Legal Standards**

Taking the Motions for Reconsideration as a whole, Plaintiff seeks reconsideration of the Court's entry of the Judgment in favor of Defendant pursuant to Bankruptcy Rules 7052 and 9023.  A motion for reconsideration filed within 14 days of the entry of judgment is treated as a motion to alter or amend a judgment under Bankruptcy Rule 9023, incorporating Federal Rule of Civil Procedure ("Civil Rule") 59(e).  *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001); *Benson v. Wells Fargo Equip. Fin., Inc.*, No. 8:25-cv-01101, 2025 WL 2958871, at *1 (C.D. Cal. Oct. 17, 2025).  This rule permits a party to file a motion: (a) for a new trial, (b) to alter or amend the judgment, or (c) to amend or add to the bankruptcy court's findings of fact.  Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59(e)); Fed. R. Bankr. P. 7052 (incorporating Fed. R. Civ. P. 52).

Civil Rule 59(e) allows for reconsideration if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citation omitted).

Motions for reconsideration are an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [bankruptcy] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*.  "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Gish v. Newsom*, No. 20-755, 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (quoting *Roe v. LexisNexis Risk Sols. Inc.*, No. 12-6284, 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013)).

**_Sua Sponte_ Summary Judgment**

As one of her bases for reconsideration, Plaintiff contends that the Court "deprived [her] of the ability to marshal record evidence and legal authority responsive to the grounds ultimately adopted by the court" by *sua sponte* entering summary judgment pursuant to Civil Rule 56(f).  Adv. Dkt. 80 at 9-10;

3

Adv. Dkt. 81 at 3.  As an initial matter, the Court did not *sua sponte* enter summary judgment on Plaintiff's claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B) and (a)(6) because both parties moved for summary judgment on these claims.  Accordingly, this argument only applies to her claims under 11 U.S.C. §§ 727(a)(2)(A), (a)(4)(A) and (a)(7).

"*Sua sponte* entry of summary judgment is proper if 'there is no genuine dispute respecting a material fact essential to the proof of movant's case.'" *Buckingham v. United States,* 998 F.2d 735, 742 (9th Cir. 1993) (quoting *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982)).  "Before a court makes a *sua sponte* grant of summary judgment, 'a litigant must be given reasonable notice that the sufficiency of his or her claim [or defense] will be in issue.'"  *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081 (9th Cir. 2004) (quoting *Buckingham*, 988 F.2d at 742); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence," citing 10A *Wright & Miller's Federal Practice and Procedure* § 2720 (2d ed. 1983)).  "'Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment.'" *Buckingham*, 988 F.2d at 742 (quoting *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985)).

The Court finds that Plaintiff had reasonable notice that the sufficiency of her section 727 claims was at issue for several reasons.

First, as the party seeking denial of Defendant's discharge under section 727, Plaintiff had the burden of proof under a preponderance of the evidence standard and had the ultimate the burden of persuasion. *See W. Wire Works, Inc. v. Lawler (In re Lawler)*, 141 B.R. 425, 429 (B.A.P. 9th Cir. 1992). Plaintiff had a full and fair opportunity to proffer evidence and argument supporting her position on her section 727 claims.  Plaintiff herself moved for summary judgment on such claims, contending that no issue of material fact existed to preclude entry of summary judgment on them.  *See* Adv. Dkt. 56 at 2:22-28.  In Defendant's opposition to summary judgment on those claims, Defendant argued that Plaintiff "has not offered sufficient evidence to establish the required factors for denial of discharge…." Adv. Dkt. 62 at 7-10.  In so arguing, Defendant cited his declaration in support of his opposition. *See id.*  In her reply to Defendant's opposition, Plaintiff failed to address or dispute Defendant's assertions of fact

4

regarding her claims under under § 727. *See* Adv. Dkt. 67. Instead, she erroneously asserted that his opposition "lack[ed] any evidentiary support" regarding them. *Id*. at 8:20-21. In a summary judgment posture, "if a party … fails to properly address another party's assertion of fact as required by [Civil] Rule 56(c), the court may … consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Relying on the undisputed evidence before it, the Court found that Plaintiff had not met her burden of proof.

Second, Plaintiff had four months to develop the facts on which she sought summary judgment, i.e., between October 13, 2024, when she served her Defendant with her first discovery request, and February 28, 2025, when discovery closed. *See* Adv. Dkt. 29 at 2:15-16; Adv. Dkt. 31 at 2 (¶ 3). The Court finds that this provided her an adequate opportunity to develop the facts. Indeed, with discovery closed, she would not have had any further opportunity to conduct discovery before trial.

Third, on multiple occasions, the Court gave Plaintiff oral notice that it may dispose of the adversary proceeding on summary judgment. A bankruptcy court's statements to the parties at a hearing may be sufficient notice under Civil Rule 56(f). *See Otte v. Naviscent, LLC (In re Martinez)*, 624 B.R. 883, 898 (N.D. Cal. 2021) (holding that bankruptcy court complied with Civil Rule 56(f) where it informed parties at a hearing that it would consider an issue in an amended summary judgment ruling and, at a later hearing, "stated that it was prepared to rule on the outstanding issue and would allow each side 'an opportunity to fully present their arguments on it'"). As set forth in the Memorandum:

> On February 26, 2025, the Court held a status conference in this adversary proceeding. **At the status conference, the Court discussed with the parties their intention to resolve this adversary proceeding by filing motions for summary judgment.** On March 27, 2025, Defendant and Plaintiff each filed a motion for partial summary judgment.

Adv. Dkt. 76 at 8:1-4 (emphasis added). At the start of the hearing on the parties' summary judgment motions, the Court explained that the hearing was "the opportunity for the parties to make their oral arguments." Adv. Dkt. 111 at 4:2-4; *see also id*. at 4:16-17 (Plaintiff stating her preference that the Court enter summary judgment on the parties' papers alone), 30-31 (Court stating at conclusion of the hearing that a trial would be scheduled only "if there are claims that survive" the Court's summary judgment ruling).

Under these circumstances, the Court finds that Plaintiff had reasonable notice such that the Court's entry of summary judgment under Civil Rule 56(f) on her section 727 claims was appropriate.

Plaintiff also contends that the Court's entry of summary judgment on her claims under section 727 was improper because "material discovery [wa]s outstanding" regarding "withheld financial records and tax returns." Adv. Dkt. 80 at 9:13-18. Plaintiff is mistaken. The deadline for all discovery to be completed, including the date by which all responses to discovery requests were due, was February 28, 2025. Adv. Dkt. 31 at 2 (¶ 3). Despite Plaintiff's assertion that she "repeatedly raised discovery obstruction and incomplete production," *see* Adv. Dkt. 80 at 9:13, Plaintiff never filed any motion relating to discovery. After February 28, 2025, discovery was closed and Plaintiff's outstanding discovery requests, if any, had expired. No discovery was outstanding at the time, and no other discovery would have been permitted prior to any trial in the matter.

Because summary judgment was proper under these circumstances, the Court declines to reconsider its entry of the Judgment in favor of Defendant.

**<u>Prepetition Transfers</u>**

In ruling on Plaintiff's section 727(a)(2)(A) claim, the Court considered whether certain prepetition transfers that Defendant made to his wife, Andrea, were made with the intent to hinder, delay, or defraud Plaintiff. *See* Adv. Dkt. 76 at 21-25. In her Motions for Reconsideration, Plaintiff contends that the Memorandum overlooked or failed to address certain transactions. *See* Adv. Dkt. 82 at 10 (§ VII). However, as was explained in the Memorandum, the Court did not consider payments Defendant allegedly made postpetition because Plaintiff did "not allege a cause of action under § 727(a)(2)(B)," but rather alleged a cause of action under only clause (A) of section 727(a)(2). *See* Adv. Dkt. 76 at 22:7-9.

Nevertheless, Plaintiff is correct that the Memorandum did not address the Defendant's transfer of $1,150 to Andrea dated January 9, 2024. *Compare* Adv. Dkt. 56-5 at 54 (evidencing such transfer) *with* Adv. Dkt. 76 at 23-24 (Tables 2 and 3 omitting such transfer). However, even if the Court had included the $1,150 transfer, the Court's analysis would not change. Taking into account that transaction, as set forth in Table 3 of the Memorandum, the net amount transferred in January of 2024 would be $2,762, not $1,612. *See* Adv. Dkt. 76 at 24:18-19. As a result, after accounting for transfers from Andrea to Defendant, Defendant transferred to Andrea an average of $505 each month, not $409.

6

*See id*. at 24:19, 24:21-22.  When isolating for months where the net amount Defendant's transfers were greater than $0, Defendant transferred to Andrea an average of $833 each month, not $689.  *See id*. at 24:19, 24:22-24.  Even after taking into account the $1,150 transfer, "[n]othing about this evidence suggests that these payments were made with the intent to hinder, delay or defraud any creditor.  Instead, they tend to corroborate Defendant's testimony that he frequently, although inconsistently, transferred to Andrea an estimated $600 per month to satisfy his domestic support obligations to her."  *Id*. at 24:24-27.

Separately, the Court declines to consider the ATM withdrawals as part of Defendant's transfers to Andrea in satisfaction of his domestic support obligations to her.  Plaintiff does not cite, and the Court cannot locate, any testimony of Defendant that he paid his domestic support obligations to Andrea in cash.  Even still, nothing about the ATM withdrawals suggests that Defendant made those withdrawals with the intent to hinder, delay or defraud any creditor.  Plaintiff alleges that the ATM withdrawals "were on days related to litigation," presumably referring to the UD Action discussed in the Memorandum. *See* Adv. Dkt. 82 at 10:18-19.  However, Plaintiff does not specify, and the Court cannot locate, any developments in the UD Action that were contemporaneous with Defendant's ATM withdrawals.  The Court is simply not persuaded that these evidence transfers made with the intent to hinder, delay or defraud any creditor.

Because these amended or additional findings are immaterial to the Court's decision to enter the Judgment in favor of Defendant, the Court declines to amend the Memorandum to include them.

///
///
///
///
///
///
///
///
///
///

7

**Remainder of Arguments in Motions for Reconsideration**

The remainder of Plaintiff's arguments in the Motions for Reconsideration misconstrue various parts of the Memorandum or merely express unhappiness with the outcome, neither of which are a basis for reconsideration. *See Gish v. Newsom*, 2020 WL 6054912, at *2. At this juncture, if Plaintiff disagrees with the Court's decision, her remedy is to prosecute her appeal from the Judgment in favor of Defendant.

**Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that the Motions for Reconsideration are **DENIED**.

Date: April 30, 2026

Martin R Barash
United States Bankruptcy Judge